Index No. 22-1013

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA

*Appellee,*

– against –

STEVE ROSADO

*Appellant,*

DIRECT APPEAL FROM THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF NEW YORK, 51 21-CR-03 (JSR)

## PRO SE SUPPLEMENTAL BRIEF
## FOR APPELLANT

Steve Rosado
Reg #91308054
FCI-Hazelton
Bruceton Mills, WV 26525

*Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

PROCEDURAL HISTORY ............................................................................ 1

STATEMENT OF THE CASE ....................................................................... 2

ARGUMENT ................................................................................................. 3

I.    THE TRIAL COURT ERRED WHEN IT FAILED TO EXPLAIN THE CRIMINAL ELEMENTS OF THE OFFENSE THAT THE APPELLANT PLEAD GUILTY TO AND FAILED TO PROPERLY QUESTION THE APPELLANT.

II.   THE APPELLANT DID NOT COMMIT AN ENTICEMENT CRIME AS HE HAD NO DIRECT OR INDIRECT CONTACT WITH ANY MINOR, OR FICTIONAL MINOR. ANY EVIDENCE GATHERED BASED ON THS ALLEGATION IN THE SEARCH AFFIDAVIT MUST BE SUPPRESSED.

CONCLUSION ............................................................................................. 9

CERTIFICATE OF COMPLIANCE ............................................................ 10

CERTIFICATE OF SERVICE ..................................................................... 11

Appendix ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Texas*, 378 U.S. 108 (1964) ................................................................. 6

*Carroll v. United States*, 267 U.S. 132 (1925) ....................................................... 6

*Hedgpeth v. Pulid*, 555 U.S. (2008) ..................................................................... 5

*Mapp v. Ohio*, 367 U.S. 643 (1961) ..................................................................... 6

*Nardone v. United States*, 308 U.S. 338 (1939) ...................................................... 6

*Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920) ............................... 6

*Strickland v. Washington*, 466 U.S. 668 (1984) ..................................................... 8

*U.S. vs. Rosado*, 2021 U.S. Dist. LEXIS 105572 (Filed 6/4/21) ............................... 1

*United States v. Douglas*, 626 F.3d 161 (2d Cir. 2010) ....................................... 4, 5

*United States v. Hite*, 769 F.3d 1154 (D.C. Cir. 2014) ........................................... 4

*United States v. Joseph,* 542 F.3d 13, (2d Cir. 2008) ............................................. 4

*United States v. Lloyd*, 901 F.3d 111 (2d Cir. 2018) ............................................. 3

*United States v. Torrellas*, 455 F.3d 96, (2d Cir. 2006) ......................................... 4

*United States v. Waqar,* (2d Cir. May 20, 2021) .................................................... 4


**Statutes**

18 U.S.C. § 2242(b) ......................................................................................... 4, 5

18 U.S.C. section 2260A ...................................................................................... 1

Fed. R. Crim. P. Rule 12 ...................................................................................... 1

Fed. R. Crim. P. Rule 16 ...................................................................................... 1

## PROCEDURAL HISTORY

The Appellant was arrested on December 7, 2020, and was arraigned on a criminal complaint within the U.S. District Court for the Southern District of New York, and was indicted under case number 21-cr-03 (JSR) on 1/5/21 (*see* ECF Doc. 5), for count one (Attempted Enticement) and count two (enhancement under 18 U.S.C. § 2260A). The trial court gave a scheduling order for the prosecution to turn over Brady/Rule 16 Discovery material to the defense by or about 3/22/21, and the Defense Counsel was given a deadline to file pretrial motions before or by 4/16/21. Defense Counsel filed a motion to dismiss the indictment, pursuant to Fed. R. Crim. P. Rule 12 on 4/15/21 (*see* ECF Docs. 9, 10). The government filed their Opposition by 5/7/21 (*see* ECF Doc II) and Defense Counsel filed a reply memorandum on 5/21/21 (*see* ECF Doc. 12). The trial court denied the Rule 12 motion in an Order & Opinion entered 6/4/21 (*see* ECF Doc. 13), *see U.S. v. Rosado*, 2021 U.S. Dist. LEXIS 105572 (filed on 6/4/21).

On 10/29/21 and 11/3/21, the Appellant filed a total of four *pro se motions*. The prosecution filed a superseded indictment (*see* ECF Doc. 15) on or about 11/1/21. On 11/8/21, Defense Counsel filed a motion to withdraw Appellant's *pro se motions* (*see* ECF Doc. 18). An off-record emergency conference, without Appellant present but with co-counsel and prosecution took place in chambers on or about 11/4/21. On 11/8/21, the Appellant was produced for a hearing on arraignment for the superseded indictment and to address the *pro se motions* received by the court.

On 11/22/21, the Appellant entered a plea of guilty to Count One and Count Three (attempted receipt of child pornography) before U.S. District Judge Jed S. Rakoff. On 3/31/22 and 4/19/22, both parties filed sentencing submissions (*see* ECF Docs. 29, 30, and 31). On 4/28/22, the Appellant was sentenced to an aggregate total of 240 months and a life term of

1

supervision (*see* ECF Doc. 34). A notice of appeal was filed thereafter by Defense Counsel. The Appellant is represented by Mr. Matthew Larsen, Esq., for the Federal Defenders of New York, Inc. On the initial Appellant brief, the Appellant files his *pro se supplemental brief* on issues not raised in the initial brief.

## STATEMENT OF THE CASE

According to the record, on or about 11/30/20, an undercover agent (UA) posing as a single 37-year-old unemployed Physical Fitness Trainer made contact with the Appellant via the Kik messenger app. The contact and communication moved over to phone calls and phone text for the appellant's attempt to assist UA (Undercover Agent ▉) in obtaining employment. These conversations later led to UA wanting to discuss sexual activities involving her two [fictional] minor daughters. The Appellant did not communicate with the fictional minor daughters directly or indirectly during the period of 11/30/20 to 12/7/20. The prosecution raised that the Appellant and UA discussed sexual activities planned for the oldest of the two fictional minors and the UA on 12/7/20.

The Appellant met UA (Special Agent ▉) in a NYC bar (Puffy's Tavern) on Hudson Street, Manhattan, that was located between his normal travel of employment in Brooklyn and his residency in the Bronx. There were no discussions about sexual activity involving minors at the NYC Bar. The Appellant left the NYC bar with UA under the belief he would be having sex with UA at her residency (after "the fictional" daughters were put to sleep in their separate room). The Appellant was arrested outside on the corner of Hudson Street prior to reaching any residence by Special Agent ▉ and other members of a joint NYPD/FBI taskforce.

2

**ARGUMENT**

I. **THE TRIAL COURT ERRED WHEN IT FAILED TO EXPLAIN THE CRIMINAL ELEMENTS OF THE OFFENSE THAT THE APPELLANT PLEAD GUILTY TO AND FAILED TO PROPERLY QUESTION THE APPELLANT.**

In support of his arguments, the Appellant has attached an Appendix to this brief that contains:

A-1 Appellant's November 22, 2021, plea transcript.

A-2 Appellant's November 1, 2021, superseding indictment.

A-3 Search Warrant application in Appellant's case.

In *United States v. Lloyd*, 901 F.3d 111, 115 (2d Cir. 2018) this Court held that:

"[W]hen the District Court accepted Lloyd's plea, it erred by failing to "inform [him] of, and determine that [he] understood ... the nature of each charge to which [he] [was] pleading." Fed. R. Crim. P. 11(b)(1)(G). During the change-of-plea hearing, the court did not articulate the elements of the crime to which Lloyd was pleading guilty, ask the government to do so, or have Lloyd state in his own words the factual conduct underlying his convictions such that the court could be certain and the record would reflect that Lloyd understood 'the nature of each charge.' This is a significant failure."

Appendix A-1 page 12 line 7:

"**THE COURT**: Mr. Rosado, tell me in your own words what it is you did that makes you guilty of these crimes.

**THE DEFENDANT**: Count One. On or about November 30, 2020, until November – December 7, 2020, I communicated with an adult woman that I believed to have two minor daughters under the age of 18. While neither daughter were real, I attempted to persuade the adult woman who posed as the mother to allow me to have sexual relations with her daughters at a future point in time. I knew what I was discussing was wrong and illegal, and I'm sorry about my actions.

**THE COURT**: You knew they were underage; yes?

**THE DEFENDANT**: Yes, your Honor.

**THE COURT**: Very good.

3

The above conduct is not criminalized under 18 U.S.C. § 2242(b).

In *United States v. Waqar*, No. 19-4138-CR, 2021 WL 2005928 (2d Cir. May 20, 2021) this Court cited *United States v. Hite*, 769 F.3d 1154 (D.C. Cir. 2014):

> "The primary question presented in *Hite* was whether a defendant could be
> convicted under § 2422(b) based solely on communications with an adult
> intermediary. In answering that question in the affirmative, the D.C. Circuit
> joined the consensus of circuit courts that have considered that issue. *See Hite*,
> 769 F.3d at 1166; see also, e.g., *United States v. Douglas*, 626 F.3d 161, 164-65
> (2d Cir. 2010) (collecting cases). Notwithstanding, the D.C. Circuit reversed
> Hite's conviction after concluding that it was error to instruct the jury that "**the
> government must only prove that the defendant believed that he could
> communicate with someone who could arrange for the child to engage in
> unlawful sexual activity.**" *Hite*, 769 F.3d at 1166."

In *Lloyd*, 901 F.3d at 115 this Court rejected Lloyd's challenge because he pointed to

nothing in the record suggesting that, had the District Court satisfied this element of Rule 11, he

would not have pleaded guilty to his firearm charge. *See United States v. Torrellas*, 455 F.3d 96,

103 (2d Cir. 2006). He therefore did not demonstrate that his substantial rights had been violated,

and his argument failed.

This is not analogous to the Appellant's case. As shown above, the Appellant "attempted

to persuade the adult woman who posed as the mother to allow [him] to have sexual relations

with her daughters." This conduct is not criminalized under the statute, as shown above in *Hite*.

Even the Appellant's superseding indictment does not allege that the Defendant committed

conduct that violated the statute:

> "to wit, ROSADO communicated by text, chat, and phone call with an undercover
> agent to arrange to engage in sexual activity with a purported twelve-year-old girl
> and a purported nine-year-old girl, and attempted to meet with the purported
> minors in New York, New York to engage in sexual activity." (Appendix A-2 P.1
> L.8)

This Court held in *United States v. Joseph* that to be guilty of attempt, the defendant must

have a specific intent to persuade, induce, or entice a **minor** to engage in unlawful sexual

4

conduct. 542 F.3d 13, 18 (2d Cir. 2008), abrogated on other grounds by *Hedgpeth v. Pulido*, 555 U.S. 57, 58, 129 S.Ct. 530, 172 L.Ed.2d 388 (2008). Specifically, in *Joseph*, this Court held it was plain error to instruct a jury that it could convict under § 2422(b) if it found, in relevant part, that the defendant "made the possibility of a sexual act with him more appealing" to a person whom he believed to be a minor because "making a sexual act 'more appealing' in the absence of an intent to entice is not a crime." *Joseph*, 542 F.3d at 17-18.

In *United States v. Douglas*, 626 F.3d 161, 164 (2d Cir. 2010), this Court held that the statute criminalizes obtaining or attempting to obtain a minor's assent to unlawful sexual activity[1]. Such assent might be obtained, for example, by persuading a minor's adult guardian to *lead* a child to participate in sexual activity. This is not what happened, nor was it alleged to happen, in the Appellant's case. Merely persuading a minor's adult guardian to allow sexual activity between the adult and minor, without the enticement of the minor, is not what is criminalized under § 2422(b).

The district court committed a plain error[2]. Had the district court satisfied the elements of Rule 11 and properly explained the elements of § 2422(b), that is, that the Appellant must persuade a minor, either directly or through a proxy, and not simply persuade the proxy, the Appellant would not have pleaded guilty to Count 1 of his superseding indictment because he did not commit that conduct.

## II. THE APPELLANT DID NOT COMMIT AN ENTICEMENT CRIME AS HE HAD NO DIRECT OR INDIRECT CONTACT WITH ANY MINOR, OR FICTIONAL MINOR. ANY EVIDENCE GATHERED BASED ON THS ALLEGATION IN THE SEARCH AFFIDAVIT MUST BE SUPPRESSED.

---

[1] Also *United States v. Brand*, 467 F.3d 179, 202 (2d Cir.2006).
[2] A plain error that affects substantial rights may be considered even though it was not brought to the court's attention. Fed.Rules, Cr.Proc.Rule 52(b), *see United States v. Wernick*, 691 F.3d 108 (2d Cir. 2012).

The Fourth Amendment itself identifies the criteria for obtaining a lawful search warrant. A police officer, or other official seeking a warrant, must establish probable cause to the satisfaction of a judge, must make an "[o]ath or affirmation" as to the truth of the matters supporting probable cause, and must "particularly describe[e] the place to be searched and the persons or things to be seized."[3] A search warrant is invalid if it covers too broad an area or does not identify specific items or persons.

In establishing probable cause, the Supreme Court has defined "probable cause" as an officer's reasonable belief, based on circumstances known to that officer, that a crime has occurred or is about to occur. *See Carroll v. United States*, 267 U.S. 132, 149 (1925). An officer may establish probable cause with witness statements and other evidence, including hearsay evidence that would not be admissible at trial. An officer's suspicion or belief, by itself, is not sufficient to establish probable cause. *Aguilar v. Texas*, 378 U.S. 108, 114-15 (1964). The "exclusionary rule" requires courts to suppress evidence obtained through an unlawful search or seizure. *See Mapp v. Ohio*, 367 U.S. 643 (1961). Any evidence derived from illegally obtained evidence must also be suppressed. This type of evidence is known as the "fruit of the poisonous tree." *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920); *Nardone v. United States*, 308 U.S. 338, 341 (1939).

In Appendix A-3, page 6, line 1, the affiant claims that based on a conversation with the mother of two fictional daughters, where the Appellant made no communication with or attempted communication with the fictional daughters, directly or indirectly through a third party, that the Appellant:

> "[H]as engaged, and is continuing to engage, in the attempted enticement of minors to engage in illegal sexual activity."

---

[3] United States Constitution, Amendment IV.

6

This statement is false. This false statement was used as probable cause to obtain a search warrant to enter the Appellant's home:

> "Based on my training and experience, I also know that individuals *involved in the enticement of minors* to engage in illegal sexual activity frequently receive and possess child pornography. Moreover, based on my training and experience, I know that collectors of child pornography frequently maintain such child pornography on electronic devices kept in their home, and typically retain their materials for extended periods of time." Appendix A-3 P.7 No.12

The search warrant used to enter the Appellant's home was unlawfully obtained in violation of the Fourth Amendment as it was based on the false assertion that the Appellant engaged in the enticement of a minor, which is clearly shown by the record to be false. All evidence gathered by this unlawfully obtained search warrant must be suppressed.

As the Appellant's trial counsel failed to object to the search warrant, this again is accessed on the "plain error" standard as it clearly affects the Appellant's substantial rights to be free from unlawful search and seizure. In the alternative, this Court should consider the Appellant's trial counsel's failure to suppress the search as ineffective assistance of counsel. While ineffective assistance claims are most often addressed s *in habeas* proceedings[4], there are some cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte*[5].

In the instant matter, there can be no reasonable strategic decision for failing to suppress evidence gathered in an unlawful search; as such, this Court should access the Appellant's trial

---

[4] See *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (explaining that when an ineffective assistance of counsel claim is raised on direct appeal, this Court may, *inter alia*, "decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus"); see also *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (noting that the district court "is best suited to developing the facts necessary to determining the adequacy of representation")

[5] *Massaro v. United States*, 538 U.S. 500, 508, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003)

counsel's failure to suppress evidence under the *Strickland v. Washington*, 466 U.S. 668 (1984) standard that is that, (1) counsel's performance must be deficient; and (2) the deficient performance must have prejudiced the defense. The Appellant clearly meets this standard, as had the fruits of the unlawful search been suppressed, there would have been no conviction for the second count of his superseding indictment.

## CONCLUSION

WHEREFORE, for the arguments raised in this *pro se supplemental brief*, and other prior

filing before the lower court, the Appellant's requests for relief should be granted based on Point

I and II, that is that the Appellant's convictions should be vacated, and the fruits of the unlawful

search should be ordered suppressed, and the case remanded back to the lower court for further

proceedings, and grant such other and further relief this court deems just and proper.

Dated:      Bruceton Mills, WV
            December 1, 2022

Respectfully Submitted,

Steve Rosado
Appellant – Pro Se
FCI-Hazelton
Bruceton Mills, WV 26525

9

# CERTIFICATE OF COMPLIANCE

I, Steve Rosado, duly affirms that the instant *pro se supplemental brief* contains 2,509

words and does not exceed the maximum word limit for a brief. It is typed using Microsoft Word

size 12 Times New Roman font.

I declare under penalty of perjury that the above-foregoing is true and correct as to my

own belief and knowledge.

Executed:     Bruceton Mills, WV
              December 1, 2022

_____
Steve Rosado
Appellant – Pro Se

10

Docket #22-1015

## CERTIFICATE OF SERVICE

**State of West Virginia)**
**County of Preston    )SS**

I, Steve Rosado, duly affirms, under penalty of perjury, depose and says: I am the Appellant and a party in the proceeding herein, I am over the age of 21, and on the executed date below, I have served a true copy of the *pro se supplemental brief*, within a prepaid envelope to be delivered vis FED-EX upon the parties listed below:

Jonathan Bodansky (AUSA)
Audrey Strauss (U.S. Atty.)
U.S. Attorney Office for the Southern
District of N.Y.
One Saint Andrew's Plaza
New York, New York 10007

Mathew Larsen (Esq.)
Federal Defenders of New York (Inc.)
52 Duane Street, 10th Fl.
New York, New York 10007

Clerk of the Court
US Court of Appeals for the Second Circuit
Thurgood Marshal US Courthouse
40 Foley Square
New York, New York 10007

I declare under penalty of perjury that the above foregoing is true and correct as to my own belief and knowledge.

Executed:    Bruceton Mills, WV
December 1, 2022

Steve Rosado
Appellant – Pro Se

11

# Appendix

RECEIVED
2022 DEC -2 PM 12:43
CLERK'S OFFICE
U.S. COURT OF APPEALS

**A-1 Appellant's November 22, 2021, plea transcript.**

LBM3ROSP

<pre>
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              21 CR 03  (JSR)

5    STEVE ROSADO,

6              Defendant.

7    ------------------------------x      Plea

8                                         New York, N.Y.
                                          November 22, 2021
9                                         2:30 p.m.

10
     Before:
11
                      HON. JED S. RAKOFF,
12
                                          District Judge
13

14                          APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     JONATHAN BODANSKY
17   JANE CHONG
     ELINOR TARLOW
18        Assistant United States Attorneys

19
     FEDERAL DEFENDERS OF NEW YORK
20        Attorneys for Defendant
     MARISA CABRERA
21

22

23

24

25
</pre>

LBM3ROSP

```
1                (Case called)

2                MR. BODANSKY:  Good afternoon, your Honor.  AUSAs

3    Jonathan Bodansky, Jane Chong, and Elinor Tarlow for the

4    government.

5                THE COURT:  Good afternoon.

6                MS. CABRERA:  Good afternoon, your Honor.  Marisa

7    Cabrera of Federal Defenders on behalf of Mr. Rosado.

8                THE COURT:  Good afternoon.

9                My understanding is that the defendant wishes to

10   withdraw his previously entered plea of not guilty and plead

11   guilty to Counts One and Three of the superseding indictment

12   S1 21 CR 3.

13               Is that correct?

14               MS. CABRERA:  Yes, your Honor.

15               (Defendant sworn)

16               THE COURT:  Mr. Rosado, pull that microphone close and

17   speak loudly because I couldn't hear you a minute ago.

18               THE DEFENDANT:  Yes, your Honor.

19               THE COURT:  That's much better.  Okay.

20               Let me advise you that because you are under oath,

21   anything you say that is knowingly false could subject you to

22   punishment for perjury or obstruction of justice or the making

23   of false statement.  Do you understand?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  Very good.  Do you read, write, speak and
```

LBM3ROSP

1    understand English?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Where are you from?

4              THE DEFENDANT:  I was born in Brooklyn, New York, your

5    Honor.

6              THE COURT:  I've heard of that.

7              How old are you now?

8              THE DEFENDANT:  I'm 42 years old, your Honor.

9              THE COURT:  Have you ever been treated by a

10   psychiatrist or a psychologist?

11             THE DEFENDANT:  I would say that only for

12   rehabilitation programs, but nothing for abnormality or

13   anything in that capacity.

14             THE COURT:  Okay.  When was the last time you were so

15   treated?

16             THE DEFENDANT:  I took a sex offender program that I

17   completed some time within two -- before -- the middle of 2018.

18   It was run by a psychiatrist doctor, so that would be the only

19   link I would have to that question.

20             THE COURT:  Have you ever been hospitalized for any

21   mental illness?

22             THE DEFENDANT:  No.

23             THE COURT:  Do you take any medication for any mental

24   disability?

25             THE DEFENDANT:  No, your Honor.

LBM3ROSP

1          THE COURT:  Have you ever been treated or hospitalized
2     for alcoholism?
3          THE DEFENDANT:  No, your Honor.
4          THE COURT:  Have you ever been treated or hospitalized
5     for drug addiction?
6          THE DEFENDANT:  No, your Honor.
7          THE COURT:  Are you currently under the care of a
8     physician for any reason?
9          THE DEFENDANT:  No, your Honor.
10          THE COURT:  In the last 24 hours have you taken any
11     pill or medicine of any kind?
12          THE DEFENDANT:  No, your Honor.
13          THE COURT:  Is your mind clear today?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Do you understand these proceedings?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  Very good.
18          On the basis of the defendant's responses to my
19     questions and my observations of his demeanor, I find he is
20     fully competent to enter an informed plea at this time.
21          You have a right to be represented by counsel at every
22     stage of these proceedings.  Do you understand that?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  If at any time you can't afford counsel,
25     then, as has already been the case, one will be appointed to

LBM3ROSP

1   represent you free of charge throughout these proceedings in

2   their entirety.  Do you understand that?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  So, you're represented by Ms. Cabrera of

5   the Federal Defenders.  Are you satisfied with her

6   representation?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Have you had a full opportunity to discuss

9   this matter with her?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Have you told her everything you know

12   about this matter?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  You previously entered a plea of not

15   guilty to indictment S1 21 CR 3., but I understand that you

16   wish to enter a plea of guilty to Counts One and Three.  Is

17   that correct?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Count One charges you with attempted

20   enticement of two minors to engage in illegal sexual activity.

21   Count Three charges you with attempted receipt of child

22   pornography after having been convicted of a previous crime of

23   aggravated sexual abuse, sexual abuse, abusive sexual conduct

24   involving a minor, or the possession of child pornography.

25          You've read those two counts; yes?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

LBM3ROSP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  You've discussed them with your lawyer?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Do you understand the charges against you?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Does defense counsel want those two counts

7    read again here in open court or do you waive the public

8    reading?

9          MS. CABRERA:  We waive the public reading, your Honor.

10          THE COURT:  So, Mr. Rosado, the maximum penalties that

11    you face under Count One is a maximum term of life

12    imprisonment, with a mandatory minimum term of 10 years, to be

13    followed by a maximum term of lifetime supervised release with

14    a mandatory minimum of five years' supervised release, plus a

15    fine of whichever is greatest, either $250,000 or twice the

16    amount of money derived from the crime or twice the loss to any

17    victims of the crime, plus a $100 mandatory special assessment

18    and an additional special assessment of $5,000 in restitution.

19          Do you understand those are the maximum and mandatory

20    minimum punishments you face if you plead guilty to Count One?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  And Count Three carries a maximum term of

23    40 years' imprisonment, plus a mandatory minimum term of 15

24    years' imprisonment, plus up to lifetime supervised release to

25    follow any imprisonment, with a mandatory minimum term of five

LBM3ROSP

1  years' supervised release, plus a maximum fine of $250,000 or

2  twice the gross gain or twice the gross loss, plus a $100

3  mandatory special assessment, plus an additional special

4  assessment of $5,000, plus restitution.

5         Do you understand those are the maximum punishments

6  under Count Three?

7         THE DEFENDANT:  Yes, your Honor.

8         THE COURT:  Do you understand that if you plead guilty

9  to both those counts, they could be added together, so you

10  would face a maximum term of lifetime imprisonment, and a

11  mandatory minimum term of 15 years' imprisonment?  Do you

12  understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Now, of course, at this point, I have

15  absolutely no idea what sentence I will impose, other than the

16  mandatory minimums if you plead guilty.  But I will consider

17  various factors, including what are called the sentencing

18  guidelines, which are certain laws that recommend a range in

19  which the Court should sentence you but are not binding on the

20  Court.

21         Have you gone over the guidelines with your lawyer?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  In that connection, I've been furnished

24  with a letter agreement which takes the form of a letter dated

25  November 21, 2021, from the government to defense counsel, and

LBM3ROSP

1    I will mark it as Court Exhibit 2 to today's proceeding.

2              This letter is binding between you and the government,

3    but it's not binding on me.  It's not binding on the Court.  Do

4    you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  For example, this letter agreements says

7    that you and the government have stipulated that the guideline

8    range is 292 to 365 months' imprisonment, with a mandatory

9    minimum term of 15 years' imprisonment.  As to the guideline

10   range, I may agree with that, I may disagree with that.  And

11   regardless of where I come out, I may sentence you to more or

12   less, and I'm bound only by the mandatory minimums.

13             Do you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  More generally, do you understand that if

16   anyone has made any kind of promise or prediction or estimate

17   or representation of what you will receive in this case, that

18   person could be wrong?  And nevertheless, if you plead guilty,

19   you will still be bound by my sentence.  Do you understand?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Does the government -- oh.  One other

22   thing about the letter agreement.  It appears that you signed

23   it yesterday.  Is that right?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Before signing it, did you read it?

Case 1:21-cr-00003-JSR   Document 25   Filed 12/04/21   Page 25 of 41

LBM3ROSP

1         THE DEFENDANT:  Yes, your Honor.

2         THE COURT:  Did you discuss it with your lawyer?

3         THE DEFENDANT:  Yes, your Honor.

4         THE COURT:  Did you understand its terms?

5         THE DEFENDANT:  Yes, your Honor.

6         THE COURT:  Did you sign it in order to indicate your

7    agreement to its terms?

8         THE DEFENDANT:  Yes, your Honor.

9         THE COURT:  Very good.

10        Does the government represent that this letter

11   agreement, which we've now marked as Court Exhibit 1, is the

12   entirety of any and all agreements between the government and

13   Mr. Rosado?

14        MR. BODANSKY:  Yes, your Honor.

15        THE COURT:  Does defense counsel confirm that is

16   correct?

17        MS. CABRERA:  Yes, your Honor.

18        THE COURT:  Mr. Rosado, do you confirm that's correct?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  Mr. Rosado, before I can accept any plea

21   of guilty, I need to make certain you understand the rights you

22   will be giving up.  So I want to go over with you now the

23   rights you will be giving up.  Do you understand that?

24        THE DEFENDANT:  Yes.

25        THE COURT:  First, you have a right to a speedy and a

1    public trial by a jury on the charge against you.

2             Do you understand that?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Second, if there were a trial, you would

5    be presumed innocent, and the government would be required to

6    prove your guilt beyond a reasonable doubt before you could be

7    convicted of any charge.

8             Do you understand that?

9             THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  Third, at the trial you would have the

11   right to be represented by counsel, and once again, if you

12   still cannot afford counsel, the Court would continue

13   representation of you by the Federal Defenders free of charge

14   throughout the trial and all other proceedings.

15            Do you understand that?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  Fourth, at the trial you would have a

18   right to see and hear all of the witnesses and other evidence

19   against you, and your attorney could cross-examine the

20   government's witnesses and to object to the government's

21   evidence, and could offer evidence on your own behalf if you so

22   desired, and could have subpoenas issued to compel the

23   attendance of witnesses and other evidence on your behalf.

24            Do you understand all that?

25            THE DEFENDANT:  Yes, your Honor.

LBM3ROSP

```
 1              THE COURT:  Fifth, at the trial you would have the

 2    right to testify if you wanted to, but no one could force you

 3    to testify if you did not want to.  And no suggestion of guilt

 4    could be drawn against you just because you chose not to

 5    testify.

 6              Do you understand that?

 7              THE DEFENDANT:  Yes, your Honor.

 8              THE COURT:  Finally, even if you were convicted of one

 9    or more of these charges, you would have a right to appeal your

10    conviction.

11              Do you understand that?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  Now, do you understand that if you plead

14    guilty, you will be giving up each and every one of those

15    rights we've just discussed?  Do you understand that?

16              THE DEFENDANT:  Yes, your Honor.

17              THE COURT:  Has anyone threatened or coerced you in

18    any way to get you to plead guilty?

19              THE DEFENDANT:  No, your Honor.

20              THE COURT:  Has anyone offered you any inducement to

21    get you to plead guilty?

22              THE DEFENDANT:  No, your Honor.

23              THE COURT:  Does the government represent that if this

24    case were to go to trial, it could through competent evidence

25    prove every essential element of these two crimes beyond a
```

LBM3ROSP

1   reasonable doubt?

2           MR. BODANSKY:  Yes, your Honor.

3           THE COURT:  Does defense counsel know of any valid

4   defense that would likely prevail at trial or any other reason

5   why her client should not plead guilty?

6           MS. CABRERA:  No, your Honor.

7           THE COURT:  Mr. Rosado, tell me in your own words what

8   it is you did that makes you guilty of these crimes.

9           THE DEFENDANT:  Count One.  On or about November 30,

10  2020, until November -- December 7, 2020, I communicated with

11  an adult woman that I believed to have two minor daughters

12  under the age of 18.  While neither daughters were real, I

13  attempted to persuade the adult woman who posed as the mother

14  to allow me to have sexual relations with her daughters at a

15  future point in time.  I knew what I was discussing was wrong

16  and illegal, and I'm sorry about my actions.

17          THE COURT:  You knew they were underage; yes?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Very good.  And Count Three.

20          THE DEFENDANT:  For Count Three, from October of 2020

21  until my arrest of December 7, 2020, at some point within that

22  period, I communicated with at least one user online who I

23  believed to be a female under the age of 18, and I attempted to

24  receive a sexually explicit image of that user that I believed

25  to be a female under the age of 18, and I knew what I was

LBM3ROSP

1    acting -- asking for was wrong and illegal, and I'm sorry for

2    my actions.

3           THE COURT:  And you knew it was prohibited also by

4    your prior conviction?

5           THE DEFENDANT:  I knew the action was illegal.

6           THE COURT:  You knew that in one sense or another it

7    was illegal and wrong; yes?

8           THE DEFENDANT:  In substance, yes.

9           THE COURT:  Anything else regarding the factual

10   portion of the allocution the government wishes the Court to

11   inquire about?

12          MR. BODANSKY:  Your Honor, I may have missed it, but I

13   don't know if the defendant spoke to the means by which he

14   communicated with the purported mother of two children with

15   respect to Count One.

16          THE COURT:  How did you communicate with her?

17          THE DEFENDANT:  She contacted me on an instant

18   messenger app, Kik Messenger.  So it was an online

19   communication that I communicated with, and then it became a

20   phone conversations for about five phone calls.

21          THE COURT:  Okay.  Anything else?

22          MR. BODANSKY:  One moment, your Honor.

23          THE COURT:  Let me ask the government, what was the

24   defendant's prior conviction with respect to the Count Three?

25          MR. BODANSKY:  He has two prior convictions.  He has a

LBM3ROSP

1    conviction for rape in the second degree, and a conviction for

2    possession of child pornography.

3         THE COURT:  Okay.  Is there anything else regarding

4    any aspect of the allocution that either the government or

5    defense counsel wishes the Court to further inquire about

6    before I ask the defendant to formally enter his plea?

7         Anything else from the government?

8         MR. BODANSKY:  Your Honor, if this case were to

9    proceed to trial, the government would also be prepared to

10   prove by a preponderance of the evidence that venue is proper

11   in the Southern District of New York.

12        THE COURT:  Okay.  Thank you.  I should have caught

13   that previously.  I thank you for that representation.  And

14   what would be the basis for that?

15        MR. BODANSKY:  Your Honor, the defendant met with the

16   undercover officer involved in this case in Manhattan prior to

17   his arrest.  He also engaged in multiple communications in

18   furtherance of the offenses in both Count One and Two from

19   locations within the Southern District of New York.

20        THE COURT:  Okay.  Anything else from defense counsel?

21        MS. CABRERA:  No, your Honor.

22        THE COURT:  So, Mr. Rosado, in light of everything

23   we've now discussed, how do you now plead to Count One, the

24   attempted enticement count, guilty or not guilty?

25        THE DEFENDANT:  I plead guilty, your Honor.

LBM3ROSP

```
 1              THE COURT:  And Count Three, the attempted receipt of
 2      child pornography, guilty or not guilty?
 3              THE DEFENDANT:  I plead guilty, your Honor.
 4              THE COURT:  Because the defendant has acknowledged his
 5      guilt as charged, because he has shown that he understands his
 6      rights and because his plea is entered knowingly and
 7      voluntarily and is supported by an independent basis in fact
 8      containing each of the essential elements of the two offenses,
 9      I accept his plea and adjudge him guilty of Counts One and
10      Three of indictment S1 21 CR 3.
11              Mr. Rosado, the next stage in this process is that the
12      probation department will prepare what's called a presentence
13      report to assist me in determining sentence.  As part of that,
14      you will be interviewed by the probation officer.  You can have
15      your counsel present to advise you of your rights, but under my
16      practices, you personally need to answer the questions put to
17      you by the probation officer.  Do you understand that?
18              THE DEFENDANT:  Yes, your Honor.
19              THE COURT:  After that report is in draft form but
20      before it's in final, you and your counsel and also government
21      counsel have a chance to review it and offer suggestions,
22      corrections and additions directly to the probation officer who
23      will then prepare the report in final to come to me.
24              Independent of that, counsel for both sides are hereby
25      given leave to submit directly to the Court in writing any and
```

LBM3ROSP

1  all materials bearing on any aspect of sentence, provided those

2  materials are submitted no later than one week before sentence.

3         And we will set the sentence down for.

4         THE DEPUTY CLERK:  Wednesday, February 23, at 4.

5         THE COURT:  Wednesday, February 23 at 4 p.m.

6         Anything else we need to take up now?

7         MR. BODANSKY:  One moment, your Honor.

8         THE COURT:  I can see the government's operating by

9  committee today.

10         MR. BODANSKY:  Your Honor, as part of the plea

11  agreement the defendant's entering into, he has waived his

12  appellate rights with respect to any sentence that's within the

13  guidelines range.  The government would ask that the Court

14  inquire whether or not the defendant understands that.

15         THE COURT:  So, Mr. Rosado, under your agreement with

16  the government, if I do sentence you to a sentence within or

17  below the guideline range, you have agreed not to appeal or

18  otherwise attack your sentence.  Do you understand that?

19         THE DEFENDANT:  I understand it, your Honor.

20         THE COURT:  Okay.  Anything else?

21         MR. BODANSKY:  Nothing else, your Honor.  Thank you.

22         THE COURT:  Anything from defense counsel?

23         MS. CABRERA:  No, your Honor.

24         THE COURT:  Very good.  That concludes this

25  proceeding.  Thanks very much.

**A-2 Appellant's November 1, 2021, superseding indictment.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                        :

UNITED STATES OF AMERICA     :    <u>SUPERSEDING INDICTMENT</u>
                        :
     - v. -           :    S1 21 Cr. 3 (JSR)
                        :
STEVE ROSADO,              :
                        :
     Defendant.       :
                        :

- - - - - - - - - - - - - - - X

## COUNT ONE

### (Attempted Coercion and Enticement)

The Grand Jury charges:

1.  Between at least on or about November 30, 2020 up to
and including on or about December 7, 2020, in the Southern
District of New York and elsewhere, STEVE ROSADO, the defendant,
using facilities and means of interstate and foreign commerce,
unlawfully, willfully, and knowingly attempted to persuade,
induce, entice, and coerce an individual who had not attained
the age of 18 years to engage in sexual activity for which a
person can be charged with a criminal offense, to wit, ROSADO
communicated by text, chat, and phone call with an undercover
agent to arrange to engage in sexual activity with a purported
twelve-year-old girl and a purported nine-year-old girl, and
attempted to meet with the purported minors in New York, New
York to engage in sexual activity.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT TWO

### (Penalties for Registered Sex Offenders)

The Grand Jury further charges:

2.   Between at least on or about November 30, 2020 up to and including on or about December 7, 2020, in the Southern District of New York and elsewhere, STEVE ROSADO, the defendant, being required by Federal and other law to register as a sex offender, committed a felony offense involving a minor under Title 18, United States Code, Section 2422, to wit, the violation of Title 18, United States Code, Section 2422(b) charged in Count One of this Superseding Indictment.

(Title 18, United States Code, Section 2260A.)

## COUNT THREE

### (Receipt of Child Pornography)

The Grand Jury further charges:

3.   Between at least on or about October 22, 2020 up to and including at least on or about December 7, 2020, in the Southern District of New York and elsewhere, STEVE ROSADO, the defendant, having been convicted under the laws of any State relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor, and the possession of child pornography, knowingly received and attempted to receive material that contains child pornography that has been mailed, and using a means and facility of interstate and foreign

2

commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, ROSADO communicated online with individuals he believed were minors and requested that those individuals provide him with sexually explicit images of themselves.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1), and 2.)

## FORFEITURE ALLEGATIONS

4.    As a result of committing the offense alleged in Count One of this Superseding Indictment, STEVE ROSADO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

5.    As a result of committing the offense alleged in Count Three of this Superseding Indictment, STEVE ROSADO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or

3

other proceeds obtained from said offense and any and all
property, real or personal, used or intended to be used to
commit or promote the commission of said offense or traceable to
such property, including but not limited to a sum of money in
United States currency representing the amount of proceeds
traceable to the commission of said offense.

### Substitute Asset Provision

6.    If any of the above-described forfeitable property, as
a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due
diligence;

    b.    has been transferred or sold to, or deposited
with, a third party;

    c.    has been placed beyond the jurisdiction of the
court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which
cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

> (Title 18, United States Code, Sections 2428 and 2253;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

STEVE ROSADO,

Defendant.

### SUPERSEDING INDICTMENT

S1 21 Cr. 3 (JSR)

(18 U.S.C. §§ 2260A, 2422(b),
2252A(a)(2)(B) and (b)(1), and 2.)

DAMIAN WILLIAMS
United States Attorney

_Foreperson_

11/1 2·21
NC

Superseding indictment Tiled

Somth Covt
(SH)

**A-3 Search Warrant application in Appellant's case.**



ORIGIN ID:WLMA  (000) 000-0000
CHRISTOPHER RAD

31 PAR LN N

BRENTWOOD, NY 11717
UNITED STATES US

SHIP DATE
ACTWGT: 0
CAD: 6991

BILL CRED:

TO **CLERK OF THE COURT**
   **SECOND CIRCUIT COURT OF APPE**
   **40 FOLEY SQUARE**

   **NEW YORK NY 10007**
   (000) 000-0000          REF:
   INV:
   PO:                          DEPT:

TRK# 3914 8811 4376          FRI — 02
0201                          PRIORITY

**E3 PCTA**

